IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 05-182 |
| | ) |
| FREDERICK NEAL | ) |

DIAMOND, D.J.

Defendant Frederick Neal ("defendant") has been charged in a one-count indictment with possession of a firearm by a convicted felon in violation of 18 U.S.C. §§922(g)(1) and 924(e). Defendant has filed a motion to bifurcate trial (Document No. 29) and the government has filed a response thereto (Document No. 32). For the reasons set forth herein, defendant's motion will be denied.

In order to establish that defendant was a felon in possession of a firearm in violation of §922(g)(1), the government must prove beyond a reasonable doubt each of the following three elements: (1) that defendant previously had been convicted of a crime punishable by imprisonment for a term exceeding one year; (2) that defendant knowingly possessed a firearm; and, (3) that the firearm had passed in interstate commerce. United States v. Dodd, 225 F.3d 340, 344 (3d Cir. 2000).

In this case, defendant's motion seeks bifurcation of the elements of the offense. Specifically, defendant requests that the government be prohibited from submitting to the jury any evidence of his prior convictions unless and until the jury finds

AO 72A
(Rev.8/82)

beyond a reasonable doubt that he knowingly possessed a firearm. Defendant contends that bifurcation of the elements in this manner would prevent the "irreparable prejudice" that would arise if the jury heard evidence of his prior convictions while simultaneously determining whether he knowingly possessed a firearm. See, e.g., United States v. Busic, 587 F.2d 577, 585 (3d Cir. 1978) rev'd on other grounds 466 U.S. 398 (1980) (permitting bifurcation of *counts* requiring proof of a prior conviction from other counts).

The court finds defendant's motion to be without merit. The Third Circuit Court of Appeals expressly rejected this identical Busic-based argument in United States v. Jacobs, 44 F.3d 1219 (3d Cir. 1995) cert. denied 514 U.S. 1101 (1995). Therein, the court held that a defendant charged with possession of a firearm by a convicted felon was not entitled to bifurcation of the possession element from the prior conviction element so that the jury could determine possession before hearing of the defendant's prior conviction. 44 F.3d at 1222-23.

In doing so, the court noted that all other circuits to address this argument also had rejected the bifurcation of elements in a §922(g)(1) case, and, in particular, noted favorably the rationale in United States v. Collamore, 868 F.2d 24, 28 (1st Cir. 1989), wherein the court concluded that bifurcation of the elements could create jury confusion and doubt as to the very criminality of the defendant's conduct when considering solely the

possession element, since possession of a firearm by most people is not a crime.  Jacobs, 44 F.3d at 1222; see also United States v. Barker, 1 F.3d 957 (9th Cir. 1993) (district court may not bifurcate the single offense of being a felon in possession into multiple proceedings without changing the "very nature of the charged offense"); United States v. Birdsong, 982 F.2d 481 (11th Cir. 1993) (adopting reasoning of Collamore).

The court finds the rationale of the foregoing cases sound and defendant has not cited any authority to the contrary.  As the First Circuit recognized, to permit bifurcation of the possession element from the prior conviction element, and thereby prevent the government from presenting evidence of a prior felony in a felon in possession case, basically would serve to eliminate an essential element of the government's case and improperly deprive the government of a jury trial on the crime as charged. Collamore, 858 F.2d at 27-28.  Accordingly, the court concludes that defendant is not entitled to bifurcation of the elements of the offense and his motion to bifurcate will be denied.

An appropriate order will follow.

November 29, 2005                    Gustave Diamond
                                            D.J.

ORDER OF COURT

AND NOW, this 29th day of November, 2005, the court having considered the motion to bifurcate (Document 29) filed by defendant Frederick Neal in the above-referenced case and the government's responses thereto, IT IS ORDERED that defendant's motion be, and the same hereby is, **denied**.

Gustave Diamond
United States District Judge

cc: Scott W. Brady
    Assistant U.S. Attorney

    Charles Schwartz, Esq.
    4084 Mt. Royal Boulevard
    Allison Park, PA 15101

AO 72A
(Rev.8/82)