IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.   ) | Criminal Nos. 05-182 |
| ) | |
| FREDERICK NEAL   ) | |

O P I N I O N

DIAMOND, D.J.

Presently before the court is a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. §2255 filed by Frederick Neal ("petitioner"). Also pending is petitioner's motion to reduce sentence pursuant to 18 U.S.C. §3582(c)(2). Because petitioner knowingly and voluntarily waived his right to file any collateral proceeding attacking his conviction or sentence, both of his motions will be denied.[1]

On June 23, 2005, a grand jury returned a one-count indictment charging petitioner with possession of a firearm by a convicted felon in violation of 18 U.S.C. §922(g)(1) and §924(e).

---

[1] Where the record conclusively shows that a movant is not entitled to relief, the court may dismiss the motion based on the record without a hearing. See United States v. Nahodil, 36 F.3d. 323, 326 (3d Cir. 1994). Thus, if the record, supplemented by the trial judge's personal knowledge, conclusively negates the factual predicates asserted in support of a §2255 motion, or if the movant would not be entitled to relief as a matter of law even if the factual predicates as alleged in the motion are true, an evidentiary hearing is not required. See Government of Virgin Islands v. Nicholas, 759 F.2d 1073, 1075 (3d Cir. 1985). In this case, the court finds, for the reasons set forth in this opinion, that the record affirmatively establishes as a matter of law that petitioner's claims for relief have been waived and therefore no hearing is required. For the same reason, the pending motions for discovery pursuant to Rule 6 of the Rules Governing Section 2255 Proceedings will be denied as moot.

On March 22, 2006, pursuant to a written plea agreement, petitioner entered a plea of guilty to that charge. He subsequently was sentenced to a term of imprisonment of 210 months.

Pursuant to the terms of his plea agreement, petitioner waived his right to file a direct appeal subject to several enumerated exceptions, one of which preserved his right to take a direct appeal limited to the issue of whether this court erred in denying his motion to suppress evidence. Significantly, defendant also waived his right to file a §2255 motion or any other collateral proceeding attacking his conviction or sentence.

Petitioner exercised his right to take a direct appeal on the suppression issue as authorized by the plea agreement. The Court of Appeals for the Third Circuit held that this court did not err in denying petitioner's motion to suppress and affirmed this court's final judgment of conviction and sentence.

After the judgment was affirmed by the appellate court, defendant filed the pending motion to reduce sentence pursuant to 18 U.S.C. §3582(c)(2)[2] based upon Amendment 709 to the United States Sentencing Guidelines which became effective on November 1, 2007. This amendment addressed the use of certain misdemeanor and petty offenses in determining a defendant's criminal history

---

[2] 18 U.S.C. §3582(c)(2) permits a court to reduce a term of imprisonment in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing guidelines range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. §994(o).

AO 72
(Rev. 8/82)

score. U.S.S.G., Appendix C-Vol. III, Amendment 709. Petitioner contends in his motion that the application of Amendment 709 in his case would result in the elimination of several points from his criminal history score and a corresponding reduction in his criminal history category and advisory guidelines sentencing range.

Defendant also timely filed the pending motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. §2255,[3] in which he asserts four grounds for relief: (1) he improperly was found to be an armed career criminal under the guidelines because his 1984 conviction for burglary in fact was for theft by unlawful taking which does not qualify as a predicate "crime of violence"; (2) his offense level improperly was increased for possessing a firearm "in connection with another felony offense" where the drug offense with which he initially was charged in state court was "withdrawn;" (3) he improperly was assigned points for several petty offenses and misdemeanors for which he would not have received points had Amendment 709 been in effect at the time of sentencing; and, (4) his trail counsel was ineffective for, *inter*

---

[3] Pursuant to 28 U.S.C. §2255, a federal prisoner may move the sentencing court to vacate, set aside or correct a sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. §2255(a). Relief under §2255 is "generally available only in 'exceptional circumstances' to protect against a fundamental defect which inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure." United States v. Gordon, 979 F.Supp. 337, 339 (E.D.Pa. 1997) (citing Hill v. United States, 368 U.S. 424, 428 (1962)).

*alia*, failing to delay his appeal until Amendment 709 took effect, as well as for "indifference" and "refusing" to communicate with petitioner.

Upon due consideration of petitioner's motions, the government's responses and petitioner's reply, the court finds that petitioner knowingly and voluntarily waived his right to seek relief under either 18 U.S.C. §3582(c) or 28 U.S.C. §2255 and that his waiver is binding.

In this case, petitioner entered into a negotiated plea agreement with the United States Attorney for the Western District of Pennsylvania which contained a provision expressly waiving his collateral attack rights. This waiver provision provides:

> "[Petitioner] further waives the right to file a motion to vacate sentence, under 28 U.S.C. §2255, attacking his conviction or sentence, and the right to file any other collateral proceeding attacking his conviction or sentence."

Plea Agreement, ¶A5.

The Court of Appeals for the Third Circuit has recognized that a defendant's waiver of his right to file a §2255 motion or other collateral proceeding attacking his conviction and sentence is enforceable "provided that [it is] entered into knowingly and voluntarily and [its] enforcement does not work a miscarriage of justice." United States v. Mabry, 536 F.3d 231, 237 (3d Cir. 2008). Applying this standard, the court finds that petitioner's waiver of his right to file a §2255 motion or any other collateral proceeding is valid and controlling.

First, there is nothing to suggest that petitioner's waiver of his collateral attack rights was not knowing and voluntary. Petitioner admitted under oath at the plea hearing that counsel had reviewed the plea agreement with him, confirmed that it was his signature on the plea letter, and admitted that he had signed the letter knowingly and voluntarily after having discussed it with his counsel. Accordingly, a finding of involuntariness effectively is foreclosed by petitioner's admissions at the change of plea hearing,[4] and petitioner has not raised any allegations that his plea otherwise was involuntary or coerced. In fact, in his memorandum of law in support of his motion to reduce sentence, petitioner explicitly states that "[b]ased on a voluntary plea, petitioner willingly pled guilty on 3/22/06." (Document No. 72).

---

[4] Although a review of the change of plea colloquy indicates that the court did not strictly adhere to Federal Rule of Criminal Procedure 11(b)(1)(N), which requires the court, not the government or defense counsel, to address the defendant in a plea hearing and inform him that he is waiving the right to appeal and to collaterally attack his sentence, the court finds in this case that this error did not affect petitioner's substantial rights and therefore does not render petitioner's waiver of his collateral attack rights unenforceable. See United States v. Goodson, 544 F.3d 529, 539 (3d Cir. 2008) (deficient plea colloquy did not preclude defendant from understanding significance of his appellate waiver and did not affect defendant's substantial rights). In determining that petitioner's substantial rights were not affected, this court has considered the whole record, Goodson at 540, which shows that the collateral attack waiver was clearly set forth in the written plea agreement at ¶A5, and that the government's summary of the plea agreement at the plea hearing included a review of all of the relevant terms, including the appellate and collateral attack waiver provisions. In addition, following the summary, when asked by the court whether he had any questions regarding the plea agreement, petitioner responded that he did not. He further acknowledged under oath that he had read the plea letter, had discussed it with his attorney and had signed it voluntarily. The record is conclusive that petitioner's assent to the plea agreement, including the collateral attack waiver provision, was knowing and voluntary, and that his substantial rights otherwise have not been affected by the lack of strict adherence to Rule 11(b)(1)(N).

AO 72
(Rev. 8/82)

Nor can petitioner demonstrate that enforcement of the collateral attack waiver in this case would result in a miscarriage of justice. This court is to use a common sense approach and "look to the underlying facts to determine whether a miscarriage of justice would be worked by enforcing the waiver." Mabry, 536 F.3d at 243. Although this circuit has declined to identify a list of specific circumstances which would give rise to a miscarriage of justice, it has found a miscarriage of justice in certain instances, such as where enforcing a collateral attack waiver would bar a defendant's appeal on grounds expressly preserved in the plea agreement, or where counsel was ineffective in negotiating the plea agreement that contained the waiver. Id. at 243 (citing United States v. Shedrick, 493 F.3d 292, 303 (3d Cir. 2007); United States v. Wilson, 429 F.3d 455 (3d Cir. 2005)).

Here, enforcement of the collateral attack waiver would not bar defendant from pursuing relief on grounds expressly preserved in the plea agreement because, unlike petitioner's direct appeal waiver, which did explicitly preserve his right to take a direct appeal under certain specified circumstances, a right that he in fact exercised, the collateral attack waiver agreed to by petitioner was broad and contained <u>no</u> exceptions, specifically stating that he "<u>waives the right to file a motion to vacate sentence, under 28 U.S.C. §2255, attacking his conviction or sentence, and the right to file any other collateral proceeding attacking his conviction or sentence.</u>" Plea Agreement, ¶A5 (emphasis added).

Petitioner also has failed to identify "any nonfrivolous ground, not covered by the waiver, for a direct appeal or collateral attack." Mabry, 536 F.2d at 243. None of the issues that petitioner seeks to raise in either his §2255 motion or in his motion to reduce sentence implicate his fundamental rights or constitutional principles. Petitioner is not asserting that he is innocent of the charge to which he entered his guilty plea. Instead, all of petitioner's asserted grounds for relief only challenge the calculation of his guidelines sentencing range, which is merely advisory in any instance. Accordingly, the issues petitioner seeks to raise in his pending motions are insubstantial and clearly are encompassed by the broad waiver of his collateral attack rights. See Mabry, 536 F.3d at 243.

Nor can it be argued that petitioner's counsel was ineffective or coercive in negotiating the plea agreement that contained the collateral attack waiver provision. In order to establish constitutionally ineffective assistance of counsel, a petitioner must demonstrate: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that the deficient performance actually prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). In the context of a guilty plea, the prejudice prong of the Strickland test can be met by a showing that, but for counsel's errors, petitioner would have proceeded to trial instead of pleading guilty. Hill v. Lockhart, 474 U.S. 52, 56-59 (1985); United States v. Nahodil, 36 F.3d 323, 326 (3d Cir. 1994).

Here, petitioner has raised no allegation that his trial counsel was ineffective or coercive in negotiating his guilty plea nor does he argue that he would not have pled guilty and would have proceeded to trial but for counsel's ineffective performance in negotiating his plea. To the contrary, petitioner is not challenging his conviction at all, he merely seeks to have his sentence vacated and requests that he be re-sentenced pursuant to a lower guidelines range based on purported sentencing errors and the alleged ineffectiveness of his counsel at sentencing. Under these circumstances, this court cannot find that enforcement of the collateral attack waiver would give rise to a miscarriage of justice.

Because petitioner knowingly and voluntarily agreed to waive his right to file a motion to vacate under §2255 or any other collateral proceeding attacking his conviction or sentence, and the enforcement of that waiver will not work a miscarriage of justice, the court concludes that petitioner's waiver of his collateral attack rights in this case is valid and controlling. Accordingly, both petitioner's §2255 motion and his motion to reduce sentence will be denied.[5]

---

[5] In regard to defendant's motion to reduce sentence, the court recognizes that 18 U.S.C. §3582(c) permits a court to reduce a sentence under that provision even upon its own motion. However, the court has reviewed Amendment 709 as well as the presentence report in this case and concludes that Amendment 709 has no impact on the calculation of petitioner's criminal history score. Pursuant to U.S.S.G. §4A1.2(c), all sentences for misdemeanor and petty offense convictions are counted with certain enumerated exceptions set forth in U.S.S.G. §§4A1.2(c)(1) and (2). Amendment 709 amended §4A1.2(c) in three ways: (1) by moving fish and game violations and local ordinance violations into the category of convictions which never are counted; (2) by changing the

Local Appellate Rule 22.2 of the United States Court of Appeals for the Third Circuit directs that when a final order denying a motion under §2255 is entered a determination of whether a certificate of appealability should issue also shall be made. The issuance of a certificate of appealability is "[t]he primary means of separating meritorious from frivolous appeals." Barefoot v. Estelle, 463 U.S. 880, 893 (1983) (setting forth standards for certificate of probable cause). Congress has mandated that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). As this court's foregoing discussion makes clear, petitioner has failed to make a substantial showing of a denial of a constitutional right. Accordingly, a certificate of appealability should not issue in this case. See Santana v. United States, 98 F.3d 752, 757 (3d Cir. 1996).

---

probation criteria of §4A1.2(c)(1) from a term of "at least" one year to a term of "more than one year;" and, (3) by resolving a circuit conflict over the manner in which a non-listed offense is determined to be "similar to" an offense listed in §§4A1.2(c)(1) and (2). None of these changes apply to any of petitioner's misdemeanor convictions. Here, petitioner's misdemeanor convictions for forgery, driving while impaired, theft by deception and possession of a controlled substance all are misdemeanor convictions which do not fall under either of the exceptions and therefore properly were counted. Petitioner's misdemeanor conviction for reckless driving also properly was counted because, in addition to a 10-day prison term, he also received a term of unsupervised probation of 3 years. As Amendment 709 had no impact on petitioner's criminal history score and would not reduce his criminal history category or his sentencing range under the guidelines, petitioner would not be entitled to relief under §3582(c) notwithstanding the enforceable collateral attack waiver.

For the reasons set forth above, petitioner's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. §2255 and his motion to reduce sentence pursuant to 18 U.S.C. §3582(c) both will be denied. Additionally, petitioner's incorporated request for a certificate of appealability also will be denied.

An appropriate order will follow.

*Gustave Diamond*
Gustave Diamond
United States District Judge

Date: March 26, 2012

cc: Stephen R. Kaufman
Assistant U.S. Attorney

Frederick Neal